Riccobono, J.
(dissenting). I am inclined to dissent. The language of section 302 of the Multiple Dwelling Law unequivocally precludes recovery of rent for the occupancy of a multiple dwelling and bars the landlord from dispossessing a tenant for failure to pay rent where the landlord has failed to obtain a certificate of occupancy. This is not a case where the tenants blocked the issuance of a certificate by denying landlord access to an apartment to cure an illegal condition or conditions (see Chatsworth 72nd St. Corp. v Rigai, 35 NY2d 984, affg 71 Misc 2d 647, on the opn of the Civil Court), nor is this a case where the tenants surreptitiously converted loft space to residential use without the knowledge or consent of the landlord. Indeed, it is conceded that petitioner actively participated in and encouraged the conversion of industrial space in these buildings to residential space by his tenants. The fact that application of the statute may incidentally (and perhaps unjustly) enrich the tenants is not a valid reason for refusing to enforce it. It was intended to be penal in nature, and its overriding purpose is to spur conversion of unsafe and substandard dwellings into proper and legal ones.
An owner has the paramount responsibility to insure that his property is in conformance with code regulations (Multiple Dwelling Law, § 300). In this connection, it is pertinent to note that the Multiple Dwelling Law has been amended with the *522 specific objective of facilitating conversion of buildings from nonresidential to residential use (art 7-b). No better illustration of the efficacy of the provision under review may be found than this very case, where, in response to the assertion of section 302, petitioner has now filed plans to legalize the conversion and is in the process of obtaining a valid certificate of occupancy. If it is to be determined that the statute is no longer viable, at least in the loft conversion field, because of the rampant abuse on the part of landlords as well as tenants, that is a judgment which should be made by legislative pronouncement and not by judicial repeal.
The order appealed from should be affirmed in its entirety.
Hughes, J. P., and Tierney, J., concur in Per Curiam opinion; Riccobono, J., dissents in separate memorandum.